UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| F. JANE HAGAN, TRUSTEE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No: 2:15CV50 HEA |
| | ) |
| DAVID MATTHEW HAGAN, et al., | ) |
| | ) |
| Defendants. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Refer or Consolidate, [Doc. No. 2] and Plaintiffs' Motion to Remand, [Doc. No. 13]. Defendants oppose the Motion to Remand. For the reasons set forth below, the Motion will be granted.

**Facts and Background**

Defendants removed this matter on July 13, 2015 pursuant to the Court's 28 U.S.C. § 1334 jurisdiction. Section 1452 of Title 28 authorizes the removal:

(a) A party may remove any claim or cause of action in a civil action. . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

Defendants claim that the state court proceeding relates to Michael Hagan's pending Bankruptcy proceeding and therefore, the Court has jurisdiction and

should refer the matter to the Bankruptcy Court for resolution as a "core" proceeding, 28 U.S.C. § 157(b)(2)(A) and (E), or consolidate the matter with the pending Bankruptcy case.

Plaintiff seeks remand based on 28 U.S.C. § 1334(c)(1) and (2). Plaintiffs argue this case must be remanded because it is subject to mandatory abstention under 28 U.S.C. § 1334(c)(2).

## Discussion

Federal courts have original, but non-exclusive, jurisdiction over bankruptcy cases for "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b); *Specialty Mills, Inc. v. Citizens State Bank,* 51 F.3d 770, 773 (8th Cir.1995). A proceeding is "related to" a title 11 case, for purposes of jurisdiction, if the outcome could "conceivably have any effect" on the estate that the bankruptcy court is administering. *See Buffets, Inc. v. Leischow,* 732 F.3d 889, 894 (8th Cir.2013) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh v. Titan Energy, Inc.,* 837 F.2d 325, 330 (8th Cir.1988)).

Pursuant to 28 U.S.C. § 1334(c)(2), a court must abstain from hearing an action that is "related to" a bankruptcy proceeding if five additional factors are satisfied. *See Ritchie,* 511 B.R. at 607–08. One of those factors is timely adjudication in the state forum. *See also Minnesota Life Ins. Co. v. Credit Suisse First Boston Mortgage Sec. Corp.,* No. 12–cv–02671 (ADM/LIB), 2013 WL

704459, at *2 (D.Minn. Feb. 26, 2013); *Buffets, Inc. v. LGI Energy Solutions, Inc.,* No. 09–cv–548 (DSD/JJK), 2009 WL 2929436, at *4 (D.Minn. Sept. 8, 2009).

District courts are required to resolve any ambiguity as to whether removal is proper in favor of state court jurisdiction, and "removal jurisdiction must be narrowly construed in favor of the nonmoving party." *Arnold Crossroads, LLC v. Gander Mountain Co.,* 751 F.3d 935, 940 (8th Cir.2014) (citing *In re Business Men's Assurance Co. of Am.,* 992 F.2d 181, 183 (8th Cir.1993)). Critically, the party seeking removal must establish federal subject matter jurisdiction, *Green v. Ameritrade, Inc.,* 279 F.3d 590, 596 (8th Cir.2002); and the Court must resolve all doubts about federal jurisdiction in favor of remand, *Dahl v. R.J. Reynolds Tobacco Co.,* 478 F.3d 965, 968 (8th Cir.2007). A court determines whether a case is properly remanded to state court based on the plaintiff's "well-pleaded complaint." *Merrell Dow Pharm. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

As the Eighth Circuit explained in *In re Titan Energy, Inc.,* 837 F.2d 325 (8th Cir.1988), and re-articulated in *In re Farmland Indus., Inc.,* " 'even a proceeding which portends a mere contingent or tangential effect on a debtor's estate meets the broad jurisdictional test [required for "related to" jurisdiction].' " *In re Farmland Indus., Inc.,* 296 B.R. 793, 804–05 (8th Cir.2003) (quoting *In re Titan Energy,* 837 F.2d at 330 (holding that a coverage dispute between the

debtor's insurance company and a creditor was "related to" the bankruptcy because a finding of coverage would reduce the claims against the estate)); *see also In re NWFX, Inc.,* 881 F.2d 530, 533 (8th Cir.1989) (finding "related to" jurisdiction over a breach of contract action involving a debtor's creditors and a third party because the outcome could affect the amount and enforceability of the creditors' claims against the bankruptcy estate). The Court concludes that the action was properly removed as related to the Bankruptcy proceeding of Michael Hagan.

Having so concluded, however, the Court must now consider whether it must abstain from adjudicating this matter and remanding it to the state court.

Section 1334(c)(2) states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). Thus, the statute requires a federal district court to abstain if: (1) a timely motion is made; (2) the proceeding is based on a state law claim or cause of action; (3) the basis for removal is "related to" jurisdiction; (4) the only basis for original jurisdiction in federal court is the bankruptcy filing; (5) the proceeding has already commenced in state court; and (6) the action can be timely

adjudicated in state court. *Buffets, Inc. v. Leischow*, 732 F.3d 889, 894-95 (8th Cir. 2013); *see also In re Titan Energy, Inc.,* 837 F.2d 325, 333 & n. 14 (8th Cir.1988).

All of the requirements for mandatory remand are present. Plaintiffs made a timely motion; the action in equity for reformation of a trust is a state law cause of action; the basis for removal was that this action necessarily states a legal malpractice claim against the attorney drafter of the trust, which is an asset of the estate; there is no diversity of citizenship or federal law claim regarding jurisdiction-the only basis for original jurisdiction in this Court is the Bankruptcy proceeding of Michael Hagan; the proceeding has already commenced in the state court; the action can be timely adjudicated in the state court since it has been set for trial in January, 2016.

Of the six courts of appeals to have considered whether § 1334(c)(2) applies to cases removed under § 1452, five have concluded that it does. *See Stoe v. Flaherty,* 436 F.3d 209, 213–16 (3rd Cir.2006); *Mt. McKinley Ins. Co. v. Corning, Inc.,* 399 F.3d 436, 446–47 (2nd Cir.2005); *Christo v. Padgett,* 223 F.3d 1324, 1331 (11th Cir.2000); *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.),* 163 F.3d 925, 929 (5th Cir.1999); *Robinson v. Michigan Consol. Gas Co.,* 918 F.2d 579, 584 n. 3 (6th Cir.1990) (all holding mandatory abstention is applicable to cases removed under § 1334(c)(2)); *but see Farms Int'l Bhd. of Teamsters,* 124 F.3d 999, 1009–10 (9th Cir.1997) (holding § 1334(c)(2) does not

apply to removed cases). The Eighth Circuit has yet to consider the issue, however federal district and bankruptcy courts have followed the majority rule and applied the mandatory abstention provision to actions removed under § 1452(a). *See St. Paul Fire & Marine Ins. Co. v. A.P.I., Inc.,* No. 05–139, 2005 WL 679072, at *2–3 (D.Minn. Mar. 23, 2005); *Borchardt v. Farmers State Bank (In re Borchardt),* 56 B.R. 791, 793 (D.Minn.1986); *Christensen v. St. Paul Bank for Coops. (In re Fulda Indep. Co-op.),* 130 B.R. 967, 978 (Bankr.D.Minn.1991).

The majority view will be followed here because it best comports with the text of § 1334(c)(2), which "requires only that an action 'is commenced' in a state forum, not that one is 'pending.' " *In re Nat'l Century Fin. Enters., Inc., Inv. Litig.,* 323 F.Supp.2d 861, 876 (S.D.Ohio 2004); *see also Universal Well Servs., Inc. v. Avoca Natural Gas Storage,* 222 B.R. 26, 31 (W.D.N.Y.1998) ("The clear language of § 1334(c)(2) requires only that the action be 'commenced' in state court, not currently pending there."). Had Congress meant to require that a case be both "commenced" and "pending" in state court for mandatory abstention to apply, it would have included both terms, just as it did elsewhere in § 1334 when describing a "district court in which a case under title 11 *is commenced or is pending* ...." Stoe, 436 F.3d at 214 (quoting 28 U.S.C. § 1334(e)) (emphasis added in *Stoe).* The majority view also recognizes that "the existence of an ongoing state proceeding is not inherent in the nature of abstention. *Burford, Pullman,* and

6

*Thibodaux* abstention, as well as other forms of abstention, apply without regard to the existence of an ongoing proceeding." *Stoe,* 436 F.3d at 213.

Because the requirements of mandatory abstention have been satisfied, the Court will remand the case to the Circuit Court for Marion County, Missouri pursuant to 28 U.S.C. §§ 1334(c)(2) and 1452(b). *See St. Paul Fire & Marine Ins. Co.,* 2005 WL 679072, at *3 (remanding action to state court upon finding that mandatory abstention applied); *In re Borchardt,* 56 B.R. at 793–94 (same); *In re Fulda,* 130 B.R. at 978 (same).

Because the Court is required to abstain from hearing this case, Defendants' Motion to Refer or Consolidate need not be considered in federal court.

## Conclusion

Based upon the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [Doc. No. 13] is **GRANTED;**

**IT IS FURTHER** ORDERED that this case is remanded to Marion County Circuit Court.

Dated this 23rd day of October, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE